CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 17 2018
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **GREGORY D. GRAVES,** | Civil Action No. 7:18-cv-00345 |
| **Petitioner,** | Civil Action No. 7:17-cv-00263 |
| v. | **MEMORANDUM OPINION** |
| **JEFFREY B. KISER,** | By: Hon. Jackson L. Kiser |
| **Respondent.** | Senior United States District Judge |

Gregory D. Graves, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his May 4, 2000, judgments entered by the Circuit Court of the City of Danville for statutory burglary, attempted rape, and attempted sodomy. I dismissed the petition without prejudice as successive in July 2017, and the Court of Appeals for the Fourth Circuit dismissed the appeal for lack of a certificate of appealability and denied a motion to file a successive petition.

In June 2018, Petitioner filed a motion for reconsideration pursuant to Rule 60(b) and a motion to appoint counsel. Petitioner does not challenge the disposition of the petition but rather raises a new claim about an appeal from the state trial court. Accordingly, these motions are properly construed as a new collateral attack pursuant to 28 U.S.C. § 2254, and the Clerk shall place them in a new civil action. See, e.g., Calderon v. Thompson, 523 U.S. 538, 554 (1998); cf. United States v. Winestock, 340 F. 3d 200, 207 (4th Cir. 2003).

Court records indicate that Petitioner previously filed a § 2254 petition about the same convictions in Civil Action No. 7:03-cv-00255. Thus, Petitioner's current petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition. See, e.g., Graves v. Commonwealth, No. 7:13cv486, slip op. at 1 (W.D. Va. Jan. 2, 2014) (dismissing § 2254 petition without prejudice as successive), appeal dismissed, No.

14-6071 (4th Cir. Apr. 22, 2014). Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only upon specific certification from a United States Court of Appeals. Because Petitioner has not submitted any evidence that he has obtained that certification, I dismiss the new collateral attack without prejudice as successive. Based upon the finding that the Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 17TH day of July, 2018.

*Jackson L. Kiser*
Senior United States District Judge